IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JENNIFER HOLSAPPLE, as Personal
Representative of the Estate of
ROBERT JANS, deceased,

        Plaintiff,        CASE NO.: 2:12-cv-00473-UA-SPC

v.

VOLUMETRIC MIXERS BY STRONG, INC.,

        Defendant.

_____/

**PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW Plaintiff JENNIFER HOLSAPPLE, as Personal Representative of the Estate of ROBERT JANS, deceased, and hereby moves this Court pursuant to Federal Rule of Civil Procedure 42 and Local Rule for the Middle District of Florida 1.04(c) for an order consolidating this case with *JENNIFER HOLSAPPLE, as Personal Representative of the Estate of ROBERT JANS, deceased, Plaintiff, v. STRONG INDUSTRIES, INC.*, Defendant, currently pending as Case No.: 2:12-cv-00355-UA-SPC, pending in the Middle District of Florida, Ft. Myers Division. In support thereof, Plaintiff states as follows:

    1.    This product liability matter arises out of an accident occurring on July 21, 2010, wherein Plaintiff's decedent ROBERT JANS ("Jans") was fatally injured following his use and operation of a volumetric mixer allegedly designed, manufactured, installed and sold by Volumetric Mixers by Strong, Inc. (hereinafter "VMBS") or a parent corporation. Plaintiff has brought claims of strict liability and negligence against VMBS and Strong Industries, Inc.

1

(hereinafter "Strong") as a result of that incident.

2. Plaintiff originally filed separate lawsuits against Strong and VMBS in the 20th Judicial Circuit, Lee County, Florida. Defendants removed these cases to federal court in July and August 2012, respectively.

3. Plaintiff alleged identical claims of strict liability and negligence against Strong and VMBS. Plaintiff alleged that Defendant Strong "designed, manufactured and/or fabricated the volumetric mixer that it affixed to a truck chassis for the purpose of mixing, pumping and pouring concrete." Strong Am. Compl. ¶ 11, attached hereto as Exhibit "A". Plaintiff alleged that Defendant VMBS "sold, manufactured, and/or fabricated the volumetric mixer that it affixed to the truck chassis for the purpose of mixing, pumping, and pouring concrete." VMBS Compl. ¶ 10, ECF No. 2.

4. Strong and VMBS are owned by the same individual, and have the same registered agent—Brooks Strong. They also both have their place of business at 13617 Ralph Culver Road, Houston, Texas, 77086-1513. *See* Franchise Tax Certification of Account Status for both entities, from the Texas Comptroller of Public Accounts, attached hereto as Exhibit "B".

5. Counsel representing the Defendants in each action is the same for both of the lawsuits. The two lawsuits involve the same allegations, accident, and mixer.

6. In light of the above, consolidation of these matters is appropriate.

WHEREFORE, Plaintiff hereby requests this honorable Court to enter an Order consolidating this matter with *JENNIFER HOLSAPPLE, as Personal Representative of the Estate of ROBERT JANS, deceased, Plaintiff, v. STRONG INDUSTRIES, INC.*, Defendant, currently pending as Case No.: 2:12-cv-00355-UA-SPC, pending in the Middle District of Florida, Ft. Myers Division, as well as such other relief as the Court deems just and appropriate.

## MEMORANDUM OF LAW

### I.   Consolidation is Appropriate

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  In deciding whether to consolidate cases pursuant to Rule 42(a), the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).  Courts have consistently recognized that where actions share common questions of law or fact, "considerations of judicial economy favor consolidation." *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1312 (M.D. Fla. 2000).

In this case, the questions of law and fact concerning liability are identical, and involve the same decedent who was injured by one volumetric mixer.  The two Defendants are owned by the same individual, operate out of the same address, and are both alleged to have sold, manufactured, and/or fabricated the volumetric mixer.  As a result, the issues for liability purposes are nearly identical. Further, there is no risk of prejudice to either Defendant, as each case is in the early stages of litigation and the Defendants have the same legal counsel representing them.  Moreover, each Defendant is facing identical claims.  Allowing consolidation would, among other things, avoid the unnecessary cost and inconvenience created by deposing multiple witnesses in both cases on the same issue.  It would further avoid

unnecessary judicial involvement in determining common issues concerning the scope of discovery, administration of time lines, motions, and objections.  Where, as in this case, the cases to be consolidated raise identical questions of law and fact concerning liability issues, consolidation is appropriate.  *See Vincelli*, 112 F. Supp. 2d at 1312.  Accordingly, Plaintiff respectfully requests that this Court consolidate the two actions.

## CERTIFICATE OF GOOD FAITH

Undersigned Counsel hereby certifies that he has conferred with counsel for all parties with respect to the issues raised above.  Counsel for Defendant was contacted and does not object to consolidation.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of January, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which has sent a notice of electronic filing to the following CM/ECF participants: **Charles D. Bavol, Esquire and Melissa D. Krepps, Esq.,** The Bleakley Bavol Law Firm, 15170 N. Florida Avenue, Tampa, Florida 33613, *Attorneys for Defendant*.

s/ Jeffrey M. James
Brandon R. Scheele
Florida Bar No. 0568813
Jeffrey M. James
Florida Bar No. 674885
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL  33602
Telephone 813-221-1500
Facsimile 813-222-3066
bscheele@bankerlopez.com
jjames@bankerlopez.com
*Counsel for Plaintiff*
