UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER HOLSAPPLE, as Personal
Representative of the Estate of Robert Jans,
deceased

    Plaintiff,

v.                                              Case No:  2:12-cv-473-Ftm-99SPC

VOLUMETRIC MIXERS BY STRONG,
INC.,

    Defendant.
_____/

## ORDER

    This matter comes before the Court on Defendant, Volumetric Mixers By Strong, Inc.'s ("Volumetric"), Motion to Compel Discovery (Doc. #19) filed on January 14, 2013. The Plaintiff on January 28, 2013, filed her Response to Defendant's Motion to Compel Discovery (Doc. # 20). The matter is fully briefed and is now ripe for review.

    If the serving party does not receive a response to its interrogatories and request for production, then it may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

    On November 16, 2012, Volumetric served Plaintiff with its first set of interrogatories and requests for production. Pursuant to the Federal Rules of Civil Procedure Plaintiff had to respond to Volumetric's requests by December 19, 2012. See Fed. R. Civ. P. 33(b) (providing a party has thirty days to respond to a request for production); Fed. R. Civ. P. 34(b) (stating a party served with interrogatories has thirty days after service to respond to the interrogatories). Plaintiff, however, failed to respond to Volumetric's discovery requests by December 19, 2012.

After several failed attempts to contact Plaintiff, Volumetric filed the instant motion that requested this Court compel Plaintiff to produce "full and complete answers and responses" to its discovery requests.

Since Volumetric filed this motion, Plaintiff, on January 24, 2013, produced responses to Volumetric's Requests for Production. As such, Volumetric's request that this Court compel Plaintiff to respond to its Requests for Production is moot.

However, Volumetric has not received an answer or response to its Interrogatories. Most of the information requested by Volumetric must come from Jennifer Holsapple (the personal representative of the Estate of Robert Jans). Plaintiff's counsel asserts that despite his best efforts he has been unable to contact Holsapple. To date, Plaintiff has not responded to Volumetric's Interrogatories.

Plaintiff's counsel requests the Court grant him an additional twenty (20) days to respond to Volumetric's Interrogatories. While the Plaintiff's Counsel requests twenty (20) days to file full and complete answers to the interrogatories because he cannot communicate with his client, it is incumbent upon the Plaintiff to comply with the Federal Rules and to cooperate in the discovery process. The Plaintiff has not complied with the Federal Rules and the Motion to Compel answers to the interrogatories is due to be granted. The Plaintiff's counsel will use his best efforts to contact his client so that she can respond to Volumetric's discovery requests. The Court will grant the Plaintiff twenty (20) days to file her answers.

Accordingly, it is now

**ORDERED:**

Defendant, Volumetric Mixers By Strong, Inc.'s, Motion to Compel Discovery (Doc. #19) is **GRANTED in part and DENIED in part.**

1. Defendant, Volumetric Mixers By Strong, Inc.'s, Motion to Compel Production of Discovery Documents is **DENIED as moot**.

2. Defendant, Volumetric Mixers By Strong, Inc.'s, Motion to Compel Answers to the Propounded Interrogatories is **GRANTED.**

3. Plaintiff shall have up to and including **February 20, 2013** to respond to Volumetric's Interrogatories.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of January, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record