**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JENNIFER HOLSAPPLE, as personal
representative of the estate of ROBERT
JANS, deceased,

        Plaintiff,

vs.                                                            Case No. 2:12-cv-473-UA-SPC

STRONG INDUSTRIES, INC. and
VOLUMETRIC MIXERS BY STRONG,
INC.,

        Defendants.

**ORDER**

This cause is before the Court on Defendant Strong Industries, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, filed on August 13, 2012 (Doc. No. 25), and Plaintiff's Response in opposition, filed on August 27, 2012 (Doc. No. 26). After a careful review of the parties' submissions and the applicable law, the Court finds the Motion is due to be granted but will permit Plaintiff to conduct jurisdictional discovery for 60 days.

**BACKGROUND**

Plaintiff Jennifer Holsapple ("Holsapple"), as personal representative of the estate of Robert Jans, filed two actions in the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida, for wrongful death against Strong Industries, Inc. ("Strong Industries") and Volumetric Mixers by Strong, Inc. ("Volumetric"). Both cases were

removed to this Court by Defendants based on diversity jurisdiction.[1]

This matter arose out of a fatal accident occurring on July 21, 2010. On that date, Robert Jans ("Jans"), an employee of Arnold Brothers Concrete, Inc. ("Arnold Brothers"), was using a cement mixer on a truck to pour concrete in the pool and spa area under construction at a residence located in Lee County, Florida. (Doc. 9 ¶19.) Jans was operating the auger and discharge port of the operation. (Id. ¶20.) As the concrete poured into the pool and spa area, Jans used the unguarded ladder to gain access to the hopper of the cement box assembly in order to facilitate the flow of sand into the auger. (Id. ¶21.) Shortly after doing so, Jans fell into the unguarded and unprotected auger assembly, which severed both of his legs. (Id. ¶¶22, 23.) Jans was removed from the hopper and died soon thereafter. (Id. ¶¶24, 25.)

Plaintiff alleges that the concrete mixer arrived in Florida after employees of JJ Gunite, Inc., a Florida corporation, drove a truck chassis from Florida to Strong Industries in Houston, Texas, to purchase the volumetric mixer from Strong Industries, its parent company, and/or its subsidiaries. (Id. ¶ 10.) Plaintiff alleges that Strong Industries designed and manufactured the volumetric mixer and affixed the mixer to a truck chassis for the purpose of mixing, pumping, and pouring concrete. (Id. ¶11.) After the purchase and installation of the volumetric mixer, the finished truck was driven back to Florida by employees of JJ Gunite, Inc. Plaintiff asserts that Strong Industries had knowledge or notice that the finished truck was being purchased by a Florida corporation for use in the state of Florida. (Id. ¶13.) Thereafter, the subject truck was sold to Arnold Brothers, which employed Jans at the time of the accident. (Id. ¶14.)

---

[1] The cases (2:12-cv-355-FtM-UA-SPC, 2:12-cv-473-FtM-UA-SPC) were recently consolidated with all successive filings to be filed under case number 2:12-cv-473-FtM-UA-SPC.

Plaintiff maintains that Strong did not design or equip the hopper or bin with guards to prevent access to the exposed auger at the bottom of the hopper and bin and that it designed and equipped the cement box apparatus with an unguarded ladder which made the exposed hopper, bin, and auger assembly easily accessible. (Id. ¶ 16-17.) Thus, access to the hopper, bin, and the auger apparatus was not prevented by any reasonable manner. (Id. ¶18.)

On July 17, 2012, Strong Industries filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 8), after which Plaintiff filed her Amended Complaint. (Doc. 9.) In her Amended Complaint, Holsapple, as personal representative of the estate of Robert Jans, seeks relief for wrongful death sounding in strict liability and negligence against Defendant Strong. Defendant Strong Industries again filed a motion to dismiss based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), arguing that the Court should dismiss the Amended Complaint because Strong Industries lacks sufficient contacts with the state of Florida to justify a Florida court's exercise of personal jurisdiction over it.

## DISCUSSION

### A. THE LAW OF PERSONAL JURISDICTION

Evidentiary hearings on the issue of personal jurisdiction are at the discretion of the Court. See Snow v. DirecTV, Inc., 450 F.3d 1314, 1317 (11th Cir. 2006). When the Court chooses not to conduct an evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a *prima facie* case of personal jurisdiction over a non-resident defendant. PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 809 (11th Cir. 2010); Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). A *prima facie* case is established if the plaintiff presents enough evidence to withstand a

motion for directed verdict.  Morris, 843 F.2d at 492.  "If a plaintiff pleads sufficient material facts to establish a basis for personal jurisdiction and a defendant then submits affidavits controverting those allegations, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction, unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction."  Whitney Info. Network, Inc. v. Xcentric Venture, LLC, 199 F. App'x 738, 741 (11th Cir. 2006).

"Where the evidence presented by the parties' affidavits and deposition testimony conflicts, the [C]ourt must construe all reasonable inferences in favor of the non-movant plaintiff."  PVC Windoors, Inc., 598 F.3d at 810 (citation and internal quotation marks omitted).  "With respect to those points of the competing affidavits that do not conflict, however, 'the [C]ourt may accept as true the applicable allegations in the complaint for the purposes of resolving jurisdictional issues....'"  Crowe v. Paragon Relocation Res., Inc., 506 F. Supp. 2d 1113, 1119 (N.D. Fla. 2007) (citation omitted).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the Court must engage in a two-part analysis.  Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted); Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). In order to determine whether this Court has personal jurisdiction over Strong Industries in this action, it first must determine whether there is a basis for jurisdiction under Florida's long-arm statute, Fla. Stat. § 48.193; Madara, 916 F.2d at 1514.  Second, if it finds that personal jurisdiction exists under Florida's long-arm statute, the Court must then consider whether Strong Industries' contacts with the state of Florida are sufficient to satisfy the Due Process Clause of the Fourteenth Amendment to the United States Constitution such that maintenance of the suit in Florida does not offend traditional notions of fair play and substantial justice.  See Int'l Shoe Co. v. Washington, 326 U.S.

310, 315-17, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Venetian Salami Co., 554 So. 2d at 502. If both prongs of the jurisdictional test are satisfied, then the Court may exercise personal jurisdiction over Strong Industries. Madara, 916 F.2d at 1516.

### B. FLORIDA'S LONG-ARM STATUTE

This Court examines Florida's long-arm statute as would the Florida Supreme Court because the reach of the statute is a question of state law. See Oriental Imps. & Curiel's Bank, N.V., 701 F.2d 889, 890-91 (11th Cir. 1983). The Court must strictly construe the long-arm statute. Id. at 891. In diversity cases, the Court also applies the state's long-arm statute. Bank, N.A. v. E.F. Hutton & Co., 926 F.2d 1030, 1033 (11th Cir. 1991).

The statute provides for two distinct categories of personal jurisdiction: specific jurisdiction conferred under § 48.193(1) and general jurisdiction conferred under § 48.193(2). Miller v. Berman, 289 F. Supp. 1327, 1331 (M.D. Fla. 2003) (citing Nw. Aircraft Capital Corp. v. Stewart, 842 So. 2d 190, 193 (Fla. 5th DCA 2003)). A court may exercise specific jurisdiction over a non-resident defendant only when the plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum state. Oldfield v. Pueblo de Bahia Lora, S.A., 558 F.3d 1210, 1221 n.27 (11th Cir. 2009); Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 n.3 (11th Cir. 2006) (citing Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000)). The requirement that the plaintiff's cause of action "arises from" the defendant's activities is broader than the concept of "proximate cause" and is satisfied by a showing of some "direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state." Sun Trust Bank v. Sun Int'l Hotels, Ltd., 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001) (citation and

internal quotation marks omitted). General jurisdiction refers to the power of a court to adjudicate any cause of action involving a particular defendant if that defendant "engaged in substantial and not isolated activity" within Florida, irrespective of whether claim asserted arises from that activity. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

The burden-shifting scheme outlined in Walt Disney Co. v. Nelson, 677 So. 2d 400 (Fla. 5th DCA 1996) applies and requires that:

> The burden of demonstrating the applicability of § 48.193 may initially be met by pleading facts within a jurisdictional basis contained in the statute. If the plaintiff has pled a *prima facie* case for jurisdiction, a simple motion to dismiss for lack of jurisdiction must fail, as a motion to dismiss without more, challenges only the facial sufficiency of the jurisdictional pleading. If, however, the defendant supplements the motion with an affidavit contesting jurisdiction, then the burden returns to the plaintiff who must, by affidavit or other sworn statement, prove a sufficient jurisdictional basis. If the affidavits are factually reconcilable, the trial court can resolve the issue on the basis of the affidavits; otherwise, an evidentiary hearing must be held.

Id. at 402-03 (internal citations omitted); see also Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). When the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the Court must construe all reasonable inferences in favor of the plaintiff. Madara, 916 F.2d at 1514; Meier, 288 F.3d at 1269.

With regard to general jurisdiction, in order to establish that a non-resident defendant is carrying on a business or business venture in Florida, the Court must consider whether the sum of Strong Industries' collective business activities shows a general course of business activity in the state for pecuniary benefit. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627-28 (11th Cir. 1996). Factors relevant to, but not dispositive of this analysis include the presence and operation of an office in Florida; the

6

possession and maintenance of a license to do business in Florida; a substantial number of Florida clients served; and a large percentage of overall revenue gleaned from Florida clients. Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005).

## C. APPLICATION AND ANALYSIS

In the Amended Complaint, Holsapple alleges that this Court has personal jurisdiction over Strong Industries because:

> Strong Industries purposely avails itself of business opportunities with residents and entities in the state of Florida and places products into the stream of commerce of the state of Florida, thus giving rise to a reasonable expectation by Strong Industries that it may be hailed into the courts of the state of Florida to answer for its tortious conduct under Florida's long-arm statute. Strong Industries further directs advertisements concerning the availability of its products to consumers in this state and ships both parts and literature into, and out of, the state of Florida in exchange for money. In addition, Strong Industries, supplies literature to consumers in the State of Florida for the purposes of providing information as to parts and products that can be purchased from Strong Industries. Further, Strong Industries, through its corporation, parent company, and/or its subsidiaries, sells its products to Florida residents and entities for use of its products in Florida.

(Doc. 9 ¶9.) In its Motion, Strong Industries argues that this case should be dismissed for lack of personal jurisdiction because it has no subsidiaries and cannot be subject to personal jurisdiction based on its parent company's contacts with Florida. In support, Strong Industries has provided the Declaration of Brooks Strong, the President of Strong Industries, Inc. ("Brooks Declaration") (Doc. 18-1), which states that Strong Industries has no subsidiaries. (Doc. 18-1 ¶17.) Strong Industries also argues that it cannot be subject to personal jurisdiction based on the acts of its parent company, Strong Concrete Services, Inc. ("SCSI"), stating in the Brooks Declaration that SCSI

> does not control, and is not directly involved in, the day to day operation of Strong. Strong does not control, and is not directly involved in, the day to

> day operation of Strong Concrete Services, Inc. Strong Concrete Services, Inc., does not participate in any transactions undertaken by Strong with respect to Strong products and/or services. Strong does not participate in any transactions undertaken by Strong Concrete Services, Inc., with respect to any products and/or services of Strong Concrete Services, Inc.

(Doc. 18-1 ¶¶18-21.) The Brooks Declaration goes on to declare that "Strong is a Texas corporation with is principal place of business in Texas." (Id. ¶3.) "Strong does not maintain any offices in Florida, does not pay taxes in Florida, and does not own property in Florida." (Id. ¶4.) "Strong is not registered as a corporation with the Florida Department of State Division of Corporations." (Id. ¶5.) "Strong does not engage in advertising directed to Florida." (Id. ¶8.) "Strong does not market its products directly to Florida." (Id. ¶9.) "Strong does not send employees to Florida." (Id. ¶10.) "Strong does not sell products in Florida." (Id. ¶11.) Strong does not send or supply literature to Florida regarding its products." (Id. ¶12.) "Strong maintains a website (www.superdumps.com) that states as follows: '[a]t this time the benefits of superdumps in Florida are less than we feel is sufficient to justify the cost.' This representation has existed on the websites in its present form for over two years." (Id. ¶13.) "In at least the last ten years, Strong has never shipped products to or from Florida." (Id. ¶15.)

In response, Plaintiff has come forward with an e-mail message from Ken Oliver, Arnold Brothers' attorney who confirmed to Plaintiff's prior counsel that a gentleman named Sal Manzi, an employee of JJ Gunite, Inc., drove the chassis of the truck from Florida to Strong Industries in Texas where Strong Industries fabricated the mixer and attached it to the chassis. (Doc. 21, Ex. A.) Arnold Brothers is the current owner of the cement mixer. The e-mail further indicates that Mr. Manzi drove the assembled mixer truck from Strong Industries' facility back to Florida while he was accompanied by the

former owner of JJ Gunite, Inc. (Id.)

**1. Specific Jurisdiction**

Plaintiff did not identify the pertinent subsection of the Florida long-arm statute in her Amended Complaint, but in her Response Brief, Plaintiff contends that this Court has specific jurisdiction over Strong Industries pursuant to Fla. Stat. § 48.193(1)(f)(2), (Doc. 21 p. 4), which reads:

> 1. Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
>> f. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>>
>>> 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193(1)(f)(2). Plaintiff argues that, as alleged in her Amended Complaint, Strong Industries is subject to jurisdiction in Florida as it manufactured the volumetric mixer and attached it to a vehicle that Strong Industries knew was being purchased by a Florida company – JJ Gunite, Inc. – and would be driven directly to and for use in Florida. (Doc. 9 ¶¶12-13.) In this case, it is not clear from the Amended Complaint that Strong Industries, Inc. manufactured the allegedly defective cement mixer. The Brooks Declaration states that: "Strong does not design, manufacture, distribute, or sell cement boxes, and has never designed, manufactured, distributed, or sold cement boxes." (Doc. 18-1 ¶16.) In response, Plaintiff did not come forward with an "affidavit or other

9

sworn statement [to] prove a sufficient jurisdictional basis." Walt Disney Co., 677 So. 2d at 402-03. Instead, Plaintiff has included the e-mail message, intending to establish the requirements for specific jurisdiction pursuant to Fla. Stat. § 48.193(1)(f)(2). See also Future Tech. Today, Inc., 218 F.3d at 1249 ("If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.") Plaintiff has failed to satisfy her burden and come forward with any affidavits or other competent proof that would substantiate her jurisdictional allegations in support of Fla. Stat. § 48.193(1)(f)(2), including whether it was in fact Strong Industries that manufactured the mixer at issue.

Thus, the Court finds Plaintiff's Amended Complaint fails to satisfy specific jurisdiction.[2]

### 2. General Jurisdiction

General jurisdiction refers to the power of a court to adjudicate any cause of action involving a particular defendant if that defendant "engaged in substantial and not isolated activity" within Florida, irrespective of whether the claim asserted arises from

---

[2]Even though not specifically referenced by Plaintiff in her Amended Complaint or her Response, another basis for specific jurisdiction could be Fla. Stat. § 48.193(1)(b), wherein Florida's long-arm statute allows for jurisdiction over defendants who "commit[] a tortious act within the state." Plaintiff's Amended Complaint asserts that Strong Industries may be hailed into the Florida courts to "answer for its tortious conduct under Florida's long-arm statute." (Doc. 9 ¶8.) While there is a split in authority among Florida courts regarding the issue of whether Fla. Stat. § 48.193(1)(b) allows for the exercise of personal jurisdiction where a tortious act committed outside the state results in injury within Florida, see Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir. 1999); see also Internet Solutions Corp. v. Marshall, 39 So.3d 1201, 1206 n.6 (Fla. 2010) (recognizing but declining to resolve the conflict among appellate courts), the Court need not resolve this issue as the Brooks Declaration has raised an issue as to whether it was Strong Industries that designed, manufactured, distributed, or sold the cement box apparatus in this case, such that their alleged tortious actions regarding the product could be the basis for the Court's personal jurisdiction. The Brooks Declaration has not been refuted by Plaintiff through competent proof, only the e-mail message.

that activity. Meier, 288 F.3d at 1269. General jurisdiction arises from a defendant's contacts with the forum that are not necessarily related to the cause of action being litigated. Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1293 (11th Cir. 2000). "An assertion of general jurisdiction under section 48.193(2) requires a showing of continuous and systematic general business contacts with this state." Trustees of Columbia Univ. v. Ocean World, S.A., 12 So. 3d 788, 792 (Fla. 4th DCA 2009) (quotations and citations omitted). "Florida cases have found 'continuous systematic business contacts' to confer general jurisdiction where a nonresident defendant's activities are extensive and pervasive, in that a significant portion of the defendant's business operations or revenue derived from established commercial relationships in the state." Id.

The Court has not been supplied with evidence tending to show that Strong Industries engaged in continuous and systematic contacts with Florida. Plaintiff has not countered the declaration statements from Brooks Strong indicating that Strong Industries does not maintain any offices in Florida, does not pay taxes in Florida, does not own property in Florida, does not sell products in Florida, and does not send employees to Florida. Rather, Plaintiff's Amended Complaint simply states that Strong Industries "avails itself to business opportunities with residents and entities in the state of Florida and places products into the stream of commerce of the state of Florida . . . ." (Doc. 9 ¶8.) Thus, the Court does not find general jurisdiction over Strong Industries.

Having found that the allegations in the Amended Complaint fail to satisfy the requirements of Fla. Stat. § 48.193, the Court need not consider the due process prong of the personal jurisdiction inquiry. See PVC Windoors, Inc., 598 F.3d at 807 ("Only where the long-arm statute provides jurisdiction do[es the Court] proceed to the second

step....").

### 3. Jurisdictional Discovery

In its Response, Plaintiff requests that the Parties be permitted to conduct limited jurisdictional discovery in order to determine "Defendant's role in the matter." (Doc. 21, p. 5.)  A qualified right to jurisdictional discovery is recognized in the Eleventh Circuit, especially when material jurisdictional facts are in dispute.  See Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 730-31 (11th Cir. 1982) (citing Blanco v. Carigulf Lines, 632 F.2d 656, 658 (5th Cir. 1980) ("Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction.  As we said in Blanco, 'the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction.'")).

Here, the Court finds that Plaintiff is entitled to jurisdictional discovery to include facts relevant to whether there is specific or general jurisdiction over Strong Industries pursuant to Fla. Stat. § 48.193.  The Parties will be afforded 60 days to do so.

### CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1)      Defendant Strong Industries, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 25) is **GRANTED**.

2)      Plaintiff's Amended Complaint (Doc. 9, case number 2:12-cv-355-FtM-UA-SPC) is **DISMISSED WITHOUT PREJUDICE**.

3)      The Parties may conduct jurisdictional discovery for a period of **60 DAYS** from the date of this Order.  Plaintiff may file a Second Amended Complaint within **10 DAYS** after the completion of jurisdictional discovery.

**DONE AND ORDERED** in Chambers in Fort Myers, Florida, on March 19th, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Parties and Counsel of Record